379 A.2d 1341

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William DEWS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 7, 1977.

Decided Dec. 1, 1977.

2. Id. § 302.

Lester G. Nauhaus, John R. Cook, Asst. Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PER CURIAM:

William Dews entered a plea of guilty to murder generally on December 14, 1964, in the Court of Common Pleas of Allegheny County. A hearing was held to determine the degree of guilt following which Dews was adjudged guilty of murder of the first degree. Judgment of sentence of life imprisonment was imposed. No post-verdict motions or appeal was filed.

On January 4, 1969, Dews filed a Post Conviction Hearing Act petition, Act of January 25, 1966 P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1977–78) [Hereinafter: PCHA]. The PCHA court granted Dews leave to file post-verdict motions *nunc pro tunc,* but otherwise denied relief.

On January 3, 1972, Dews filed post-verdict motions *nunc pro tunc.* By order dated April 13, 1972, the court denied the motions.

On April 28, 1972, an appeal was filed from the order denying post-verdict motions and from the order dismissing Dews' PCHA petition. On April 29, 1972, Dews filed a petition to remand for an evidentiary hearing alleging his plea was not intelligently and knowingly entered because of ineffective representation by counsel. On September 6, 1972, we granted the petition per curiam.

An evidentiary hearing was held on December 12, 1975 during which the testimony of one of Dews' two trial counsel was heard. The testimony recounted the reason for advising Dews to plead guilty and the circumstances surrounding the entrance of the plea. On February 3, 1976, the court denied relief on the claim that the plea was invalid.

An appeal from the order denying relief on remand was filed on March 1, 1976. Dews argues his plea was not knowingly and intelligently entered because:

1) he has a low intelligence quotient and third grade education; and,

2) counsel was ineffective in advising Dews to enter a plea since:

(a) counsel was unfamiliar with the facts surrounding the slaying including certain mitigating circumstances;

(b) counsel did not discuss alternatives to pleading guilty with Dews; and,

(c) counsel did not advise Dews of the consequences of pleading guilty.

We have considered these arguments and find them without merit. Judgment of sentence and order affirmed.